68481. GOLD KIST, INC. v. ALIMENTA (U. S. A.), INC.

DEEN, Presiding Judge.

Appellee Alimenta initiated this action for damages against appellant Gold Kist in the Superior Court of Fulton County for the alleged breach of certain contracts to sell shelled peanuts. Gold Kist filed an answer and a counterclaim seeking compensatory and exemplary damages based upon Alimenta's purported violation of Section 9 (b) of the Commodity Exchange Act (7 USC § 13 (b)). This appeal is from the grant of Alimenta's motion to dismiss that counterclaim for lack of subject-matter jurisdiction. *Held*:

We affirm. "In considering the propriety of state-court jurisdiction over any particular federal claim, . . . the presumption of con-

current jurisdiction can be rebutted by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests. [Cits.]" Gulf Offshore Co. v. Mobil Oil Corp., 453 U. S. 473, 478 (101 SC 2870, 69 LE2d 784) (1981). The provisions of the Commodity Exchange Act which permit civil actions for damages limit the bringing of such suits to the federal courts. 7 USC § 25 (a) (2) provides that except for certain unrelated provisions, it authorizes "the exclusive remedies under this [chapter] available to any person who sustains loss as a result of any alleged violation of this [chapter]." 7 USC § 25 (c) specifies that "[t]he United States district courts shall have exclusive jurisdiction of action brought under this section." The enforcement of a reparation award is also restricted to "the district court of the United States for the district in which [the complainant] resides or in which is located the principal place of business of the respondent . . .." 7 USC § 18 (d). As this is in accord with the Act's provisions for Commission enforcement actions and suits by state attorneys general (7 USC §§ 13a-1 and 13a-2 (2)), it therefore appears that every express provision for actions allowed under the Act limits jurisdiction to the federal courts. The language of 7 USC § 2 which Gold Kist contends confers concurrent jurisdiction upon state courts to hear such claims was intended only to insure that the Act did not preempt application of civil or criminal state law in deciding the issues involved in the commodities transactions being litigated. See Kelly v. Carr, 691 F2d 800, 805-06, fn. 12 (6th Cir. 1980).

As pointed out by Gold Kist, the exclusive jurisdiction provisions of 7 USC § 25 cited above did not become effective until January 11, 1983, and were not made applicable to causes of action accruing before that date. See 7 USC § 25 (d). However, even though Gold Kist's counterclaim was filed prior to that date, review of the case law and legislative history persuade us that the amendment was intended to expressly confirm an exclusive federal jurisdiction already conferred by federal courts or implied by other statutory provisions. See Kelly v. Carr, supra at 804-06. Indeed, in determining whether a private cause of action was implicit in the statutory scheme as a supplement to the express enforcement provisions, the Act also being silent in this regard, the Supreme Court considered the congressional intent as we have done here in reaching the conclusion that such a remedy was available. See Merrill Lynch, Pierce, Fenner & Smith v. Curran, 456 U. S. 353 (V) (102 SC 1825, 72 LE2d 182) (1982). We are convinced that Congress through the 1982 amendment meant to preserve rather than to create an exclusive federal forum, having recognized that "[i]n this way . . ., a readily available, coherent body of law [was] most likely to evolve, subject to review and correction within the single, unified system of Federal courts employing common proce-

dures throughout the United States." S. Rep. 850, 95th Cong., 2d Sess.; as reprinted in 1978 U. S. Cong. Code & Ad. News 2087, 2113 (1978). Since Gold Kist has not shown how litigation of its pre-amendment CEA claim in federal court will be harmful, we conclude that the trial court's dismissal of this counterclaim for lack of subject-matter jurisdiction does not require reversal.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED MAY 25, 1984 —
REHEARING DENIED JUNE 20, 1984.

*Sidney O. Smith, Jr., Oscar N. Persons, Nill V. Toulme, John I. Spangler III*, for appellant.

*W. Lyman Dillon, William B. B. Smith*, for appellee.